```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  SAMUEL WONG
    JASON HITT
 3  TODD PICKLES
    Assistant U.S. Attorneys
 4  501 I Street, Suite 10-100
    Sacramento, California 95814
 5  Telephone: (916) 554-2751
 6
 7
 8            IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,    )  Case No. 2:12-cr-00309 JAM
                                 )
12            Plaintiff,         )  STIPULATION AND
                                 )  ORDER SETTING STATUS
13       v.                      )  CONFERENCE AND EXCLUDING TIME
                                 )
14  NATHAN V. HOFFMAN, et al.,   )
                                 )
15            Defendants.        )
    _____)
16
```

17      IT IS HEREBY STIPULATED by and between Assistant United States
18 Attorney Jason Hitt, counsel for the plaintiff United States of
19 America, and defendant Nathan V. HOFFMAN, by and through his counsel
20 Robert Helfend, Esq., Hung NGUYEN, by and through his counsel Donald
21 M. Re, Esq., defendant Steve MARCUS, by and through his counsel
22 Donald H. Heller, Esq., and defendant Brook MURPHY, by and through
23 his counsel John Balazs, Esq., that a status conference should be
24 placed on calendar for November 6, 2012, at 9:45 a.m.

25      On September 18, 2012, the Court issued an Order relating this
26 case to <u>United States v. Ebyam</u>, Case No. 2:11-cr-00275 JAM, and
27 <u>United States v. Ebyam, et al.</u>, Case No. 2:11-cr-00276 JAM. As a
28 result of the related case Order, the existing status conference

1

date before Judge Mueller was vacated and the parties were instructed by the Court to set a date before Judge Mendez for status conference. After conferring with defense counsel and consulting with the Court's Deputy Clerk, the parties are respectfully requesting that this case be placed on calendar for status conference on November 6, 2012, at 9:45 a.m.

In addition, the parties stipulate and agree that time should be excluded under the Speedy Trial Act between August 31, 2012, and up to, and including, November 5, 2012, because more than 5,000 pages of discovery has already been provided to the defense through a third-party discovery service. It has been available since August 31, 2012. As a result of the extensive discovery to be reviewed, counsel for each defendant needs additional time to review the voluminous materials and determine how best to proceed in this matter. In addition, counsel for defendant NGUYEN has been notified that approximately 20 boxes of search warrant material seized from marijuana dispensaries in Southern California are available for his review at the IRS Office in Sacramento. Counsel for defendant NGUYEN is planning to travel from Southern California to the IRS Office to begin a lengthy review process of the seized materials as part of his defense preparation in this case.

The parties also stipulate and agree there is a second basis to exclude time under the Speedy Trial Act. Specifically, the discovery in this case and the facts of the alleged conspiracy are "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2). In particular, the discovery produced to date consists of more than 5,000 bates-numbered items which includes reports, video, and audio materials. The discoverable material also spans four

search warrants served at locations alleged to be associated with defendants HOFFMAN and NGUYEN. Moreover, the underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to defendant HOFFMAN. As evidenced by the related case Order, this case is directly related to pending cases charging more ten defendants in the Eastern District of California: <u>United States v. Ebyam</u>, Case No. 2:11-cr-00275 JAM, and <u>United States v. Ebyam, et al.</u>, Case No. 2:11-cr-00276 JAM. These pending cases add to the unusual nature of the case and increase the complexity of preparing the defense for each of these defendants. As a result, each of the defendants agree that excluding time between August 31, 2012, and November 5, 2012, is appropriate based upon this case's complexity. The parties will arrange to have defendant Jesus BRUCE arraigned on the new Indictment prior to the requested new status conference.

    For all the reasons articulated above, the parties respectfully request the Court exclude time from August 31, 2012, to November 6, 2012, is appropriate under the Speedy Trial Act because of the need by defense counsel to continue reviewing the voluminous pre-indictment discovery and each defense counsel represents that each need substantial additional time to review the discovery. In addition, each defendant's counsel concurs that this matter is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy theory, and the many pending indicted defendants in two related cases. As a result, counsel for both parties stipulate that the ends of justice are served by the Court excluding such time and outweigh each

defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate that time should be excluded based upon the complexity of this case under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

DATED: September 28, 2012 /s/Jason Hitt
JASON HITT
Assistant U.S. Attorney

DATED: September 28, 2012 /s/Jason Hitt
ROBERT HELFEND, ESQ.
Counsel for defendant
NATHAN V. HOFFMAN
Authorized to sign for
Mr. Helfend on 09-28-12

DATED: September 28, 2012 /s/Jason Hitt
DONALD M. RE, ESQ.
Counsel for defendant
HUNG C. NGUYEN
Authorized to sign for
Mr. Re on 09-28-12

DATED: September 28, 2012 /s/Jason Hitt
DONALD H. HELLER, ESQ.
Counsel for defendant
STEVE MARCUS
Authorized to sign for
Mr. Heller on 09-28-12

DATED: September 28, 2012 /s/Jason Hitt
JOHN BALAZS, ESQ.
Counsel for defendant
BROOK MURPHY
Authorized to sign for
Mr. Balazs on 09-28-12

| | |
|---|---|
| 1 | **O R D E R** |
| 2 | Based upon the representations by counsel and the stipulation |
| 3 | of the parties, **IT IS HEREBY ORDERED** that: |
| 4 | 1. A status conference is set for November 6, 2012, at |
| 5 | 9:45 a.m. |
| 6 | 2. Based upon the above representations and stipulation of |
| 7 | the parties, the Court finds that the ends of justice outweigh the |
| 8 | best interest of the public and each defendant in a speedy trial. |
| 9 | Accordingly, time under the Speedy Trial Act shall be excluded |
| 10 | between August 31, 2012, and November 6, 2012, pursuant to 18 U.S.C. |
| 11 | § 3161(h)(7)(A) (Local Code T4). The Court further finds that this |
| 12 | case complex and unusual because of the voluminous discovery |
| 13 | supporting the charges, the unique form of drug conspiracy in the |
| 14 | case, and the large number of pending indicted defendants in two |
| 15 | related cases captioned: <u>United States v. Ebyam</u>, Case No. 2:11-cr- |
| 16 | 00275 JAM, and <u>United States v. Ebyam, et al.</u>, Case No. 2:11-cr- |
| 17 | 00276 JAM. Accordingly, time under the Speedy Trial Act shall be |
| 18 | excluded between August 31, 2012, and November 6, 2012, pursuant to |
| 19 | 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2). |
| 20 | **IT IS SO ORDERED.** |

DATED: 9/28/2012         /s/ John A. Mendez
                         JOHN A. MENDEZ
                         UNITED STATES DISTRICT COURT JUDGE