1  DONALD M. RÉ, SBN 49079
2  A Professional Law Corporation
   One Wilshire Building
3  624 S. Grand Avenue, 22nd Floor
   Los Angeles, California 90017
4  Telephone: (213) 623-4234
   Email: donaldmreplc@yahoo.com
5
6  Attorney for Defendant
   HUNG CAO NGUYEN
7

8                          UNITED STATES DISTRICT COURT
9
                           EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,            )    USDC CASE NO. 2:12-cr-0309-JAM
                                        )
12               Plaintiff,             )    STIPULATION AND
                                        )    ORDER CONTINUING STATUS
13        v.                            )    CONFERENCE AND EXCLUDABLE
                                        )    TIME
14                                      )
   HUNG CAO NGUYEN,                     )
15 NATHAN V. HOFFMAN, et al.,           )
                                        )
16               Defendants.            )
17 _____)

18

19        IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel

20 for the plaintiff United States of America, and defendant Nathan V. HOFFMAN, by and through his counsel

21 Robert Helfend, Esq., defendant Hung NGUYEN, by and through his counsel Donald M. Ré, Esq., defendant

22 Steve MARCUS, by and through his counsel Donald M. Heller, Esq., and defendant Brooks MURPHY, by

23 and through his counsel John Balazs, Esq., and defendant Jesus BRUCE, by and through his counsel, Hayes

24

25 H. Gable, III, that the currently set status conference set for April 9, 2013 at 9:45 a.m., should be continued

26 to June 4, 2013, at 9:45 a.m.

27        In addition, the parties stipulate and agree that time should be excluded under the Speedy Trial Act

28

because more than 5,000 pages of discovery has already been provided to a third party discovery service and is available to the defense. As a result, counsel for each defendant needs additional time to review the voluminous materials and determine how best to proceed in this matter. The discovery in this case and the facts of the alleged conspiracy are "complex" within the meaning of 18 U.S.C. §3161(h)(7)(B)(ii) (Local Code T2). In particular, the discovery produced to date consists of more than 5,000 bates-numbered items which includes reports, video, and audio materials. The discoverable material also spans four search warrants served at locations alleged to be associated with defendants HOFFMAN and NGUYEN. In addition, counsel for defendant NGUYEN has been notified that approximately 20 boxes of search warrant material seized from marijuana dispensaries in Southern California are available for his review a the IRS Office in Sacramento. The underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to defendant HOFFMAN. In addition, this case is directly related to pending cases charging more ten defendants in the Eastern District of California: United States v. Ebyam, Case No. 2:11-cr-00275 JAM, and United States v. Ebyam, et al., Case No. 2:11-cr-00276 JAM. These pending cases add to the unusual nature of the case and increase the complexity of defending each of these defendants. As a result, each of the defendants agree that a continuance of the status conference is appropriate.

Counsel further stipulate that an exclusion of time from April 9, 2013 to June 4, 2013, is appropriate under the Speedy Trial Act because of the need by defense counsel to continue reviewing the voluminous pre-indictment discovery and each defense counsel represents that each need substantial additional time to review the discovery. In addition, each defendant's counsel concurs that this matter is "complex" within the meaning of 18 U.S.C. §3161(H)(7)(b)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy theory, and the many pending indicted defendants in two related cases. As a result, counsel for both parties stipulate the ends of justice are served

by the Court excluding such time and outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. §3161(H)(7)(B)(iv). Therefore, time should be excluded from computation under the Speedy Trial Act under 18 U.S.C. §3161(h)(7)(A) (Local Code T4). The parties further stipulate that time should be excluded based upon the complexity of this case under 18 U.S.C. §3161(h)(7)(B)(ii) (Local Code T2).

Dated: March 29, 2013        /s/ Jason Hitt
JASON HITT
Assistant U.S. Attorney

Dated: March 29, 2013        /s/ Robert Helfend
ROBERT HELFEND, ESQ.
Counsel for defendant
NATHAN V. HOFFMAN

Dated: March 29, 2013        /s/ Donald M. Ré
DONALD M. RÉ, ESQ.
Counsel for Defendant
HUNG NGUYEN

Dated: March 29, 2013        /s/ Donald M. Heller
DONALD M. HELLER, ESQ.
Counsel for defendant
STEVE MARCUS

Dated: March 29, 2013        /s/ John Balazs
JOHN BALAZS, ESQ.

1

2     Counsel for defendant
      BROOK MURPHY

3

4

5     Dated: March 29, 2013        /s/    Hayes H. Gable, III,
                                    HAYES H. GABLE, III, ESQ.
6                                   Counsel for defendant
                                    JESUS BRUCE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Based upon the representation by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

    1.  The status conference set for April 9, 2013, at 9:45 a.m. is vacated;

    2.  A new status conference is set for June 4, 2013, at 9:45 a.m. and

    3.  Based upon the above representations and stipulation of the parties, the Court finds that the ends of justice outw, eigh the best interest of the public and each defendant in a speedy trial.  Accordingly, time under the Speedy Trial Act shall be excluded through June 4, 2013, pursuant to 18 U.S.C. §3161(h)(7)(A) (Local Code T4).  The Court further finds that this case is complex and unusual because of the voluminous discovery supporting the charges, the unique form of drug conspiracy in the case, and the large number of pending indicted defendants in two related cases captioned: United States v. Ebyam, Case No. 2:11-cr-00275 JAM, and United States v. Ebyam, et al., Case No. 2:11-cr-00276 JAM.  Accordingly, time under the Speedy Trial Act shall be excluded through June 4, 2013, pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) (Local Code T2).

    **IT IS SO ORDERED.**


Dated:   March 29, 2013                  /s/ John A. Mendez
                                           JOHN A. MENDEZ
                                           UNITED STATES DISTRICT JUDGE