JOHN BALAZS, Bar No.157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
BROOK MURPHY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 2:12-cr-0309-JAM |
| | ) | |
| Plaintiff, | ) | STIPULATION AND |
| | ) | ORDER TO CONTINUE STATUS |
| v. | ) | CONFERENCE |
| | ) | |
| NATHAN V. HOFFMAN, et al., | ) | Date: October 22, 2013 |
| | ) | Time: 9:45 a.m. |
| Defendants. | ) | Hon. John A. Mendez |

    IT IS HEREBY STIPULATED, by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Nathan V. HOFFMAN, by and through his counsel Robert Helfend, defendant Hung NGUYEN, by and through his counsel Donald M. Re, defendant Steve MARCUS, by and through his counsel Donald M. Heller, defendant Brook MURPHY, by and through his counsel John Balazs, and defendant Jesus BRUCE, by and though his counsel, Hayes H. Gable, III, that the currently set status

1

conference for August 15, 2013 at 9:45 a.m., should be continued to October 22, 2013 at 9:45 a.m.

In addition, the parties stipulate and agree that time should be excluded under the Speedy Trial Act because more than 5,000 pages of discovery has already been provided to a third party discovery service and is available to the defense. As a result, counsel for each defendant needs additional time to review the voluminous materials and determine how best to proceed in this matter. The discovery in this case and the facts of the alleged conspiracy are "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2). In particular, the discovery produced to date consists of more than 5,000 bates-numbered items which includes reports, video and audio materials. The discoverable material also spans four search warrants served at locations alleged to be associated with defendants HOFFMAN and NGUYEN. In addition, counsel for defendant NGUYEN has been notified that approximately 20 boxes of search warrant material seized from marijuana dispensaries in Southern California are available for his review at the IRS Office in Sacramento. The underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to defendant HOFFMAN. In addition, this case is directly related to pending cases charging more than ten defendants in the Eastern District of California: United States v.

Ebyam, no. 2:11-cr-00275 JAM, and United States v. Ebyam, et al., no. 2:11-cr-00276 JAM. These pending cases add to the unusual nature of the case and increase the complexity of defending each of these defendants. As a result, each of the defendants agrees that a continuance of the status conference is appropriate.

Counsel further stipulate that an exclusion of time from August 15, 2013 to October 22, 2013, is appropriate under the Speedy Trial Act because of the need by defense counsel to continue reviewing the voluminous pre-indictment discovery and each defense counsel represents that each need substantial additional time to review the discovery. In addition, each defendant's counsel concurs that this matter is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy theory, and the many pending indicted defendants in two related cases. As a result, counsel for all parties stipulate the ends of justice are served by the Court excluding such time and outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, time should be excluded from computation under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) (Local Code T4). The

parties further stipulate that time should be excluded based upon the complexity of this case under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

                                        BENJAMIN B. WAGNER
                                        United States Attorney

Dated: August 8, 2013                    /s/   Jason Hitt
                                          JASON HITT
                                          Assistant U.S. Attorney

Dated: August 8, 2013                    /s/  John Balazs
                                          JOHN BALAZS
                                          Attorney for defendant
                                          BROOK MURPHY

Dated: August 8, 2013                    /s/  Robert Helfend
                                          ROBERT HELFEND
                                          Attorney for defendant
                                          NATHAN V. HOFFMAN

Dated: August 8, 2013                    /s/  Donald M. Re
                                          DONALD M. RE
                                          Attorney for defendant
                                          HUNG NGUYEN

Dated: August 8, 2013                    /s/  Donald Heller
                                          DONALD M. HELLER
                                          Attorney for defendant
                                          STEVE MARCUS

Dated: August 8, 2013                    /s/ Hayes Gable, III
                                          HAYES GABLE, III
                                          Attorney for defendant
                                          JESUS BRUCE

# ORDER

Based upon the representation by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1. The status conference set for August 15, 2013 at 9:30 a.m. is vacated;

2. A new status conference is set for October 22, 2013, at 9:45 a.m.; and

3. Based upon the above representation and stipulation of the parties, the Court finds that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial. Accordingly time under the Speedy Trial Act shall be excluded through October 22, 2013, pursuant to 18 U.S.C. §3161(h)(7)(A) (Local Code T4). The Court further finds that this case is complex and unusual because of the voluminous discovery supporting the charges, the unique form of drug conspiracy in the case, and the large number of pending indicted defendants in two related cases caption: <u>United States v. Ebyam</u>, no. 2:11-cr-00275 JAM, and <u>United States v. Ebyam et al.</u>, no. 2:11-cr-00276 JAM. Accordingly time under the Speedy Trial Act shall be excluded through October 22, 2013, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

**IT IS SO ORDERED.**

Dated: August 9, 2013        /s/ John A. Mendez
                             HON. JOHN A. MENDEZ
                             U.S. District Court Judge